# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Marshall Dawson, | Civil Action No. 2:18-cv-02521-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of the Social Security Administration*, | |
| Defendant. | |

This action arises from Plaintiff Marshall Dawson's application to the Social Security Administration seeking Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), which recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 19 (citing ECF No. 9-2 at 1–3).) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 19), and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI on June 26, 2014. (ECF No. 9-3 at 26–28, 56–57.) The Social Security Administration denied his initial applications in October 2014, and again denied both applications upon reconsideration in October 2015. (ECF Nos. 9-4 at 2–5, 13–22.) Plaintiff appeared before an Administrative Law Judge ("ALJ") in June 2017. (ECF No. 9-2 at 31–72.) The ALJ issued a decision in October 2017, finding that Plaintiff was not disabled and therefore not entitled to SSI and DIB. (ECF No. 9-2 at 13–30.) The Report provides a summary of

the ALJ's reasoning for the determination that Plaintiff is not entitled to benefits:

> The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> The claimant has not engaged in substantial gainful activity since June 15, 2012, the alleged onset date (20 C.F.R. 404.1571 et seq., and 416.971 *et seq.*).
>
> The claimant has the following severe impairments: left knee patella osteophyte; affective disorder with psychotic features; and anxiety disorder (20 C.F.R. 404.1520(c) and 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except the claimant can occasionally climb ladders, ropes, and scaffolds; the claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; the claimant can occasionally be exposed to hazards associated with unprotected dangerous machinery or unprotected heights; the claimant can concentrate, persist and maintain pace sufficient to understand, remember and carry out simple, routine tasks in a low stress work environment (defined as being free of fast-paced or team-dependent production requirements), involving simple work-related decisions, occasional independent judgment skills and occasional work place changes; the claimant can perform jobs where the worker is largely isolated from the general public, dealing with data and things rather than people; the claimant can perform jobs where the work duties can be completed independently from coworkers; however, physical isolation is not required, and can respond appropriately to reasonable and customary supervision.
>
> The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).
>
> The claimant was born on December 7, 1956 and was 55 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).
>
> The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).
>
> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding

> that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2012, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(ECF No. 19 at 3 (citing ECF No. 9-2 at 15–24).) The Appeals Council denied Plaintiff's request for review, (ECF No. 9-2 at 2–5), thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint against the Commissioner on September 12, 2018. (ECF No. 1.) The Commissioner filed the Social Security Administrative Record on May 2, 2019. (ECF No. 9.) Plaintiff filed his brief on April 10, 2019 (ECF No. 16), asserting that the "substantial evidence contained in the record does not support the Commissioner's decision to deny benefits to [Plaintiff] on the grounds that he is not disabled. Specifically, Plaintiff contends that: (1) the ALJ's "Step Three" listing level analysis is not supported by substantial evidence; (2) the ALJ erred in giving "'some weight' to the opinion of Rebecca Sorrow, Ph.D., while affording 'significant weight' to the opinion of the chart reviewers"; (3) Plaintiff's action should be remanded for further review "because the ALJ failed to consider all of [Plaintiff's] documented limitations, including his limitations in concentration, when conducting the Residual Functional Capacity ("RFC") analysis"; (4) the ALJ failed to provide a meaningful summary and evaluation of Plaintiff's hearing testimony; an ALJ must "build a 'logical bridge' to explain why the limitations placed on [Plaintiff's RFC] account for [Plaintiff's] mental and physical limitations"; (5) the ALJ failed to give proper weight to the lay testimony of Sheila Hollings; and (6) the ALJ failed to properly

3

consider the side effects from Plaintiff's medications on his ability to work as required in Social Security Ruling 16-3p and 20 C.F.R. § 404.1529(c)(3)(iv). (*See* ECF No. 16 at 1–2, 11, 16, 18, 22, 26, 29, 30, 32.)

On May 20, 2019, the Commissioner filed a brief generally opposing Plaintiff's claims, claiming that substantial evidence supports the ALJ's decision, like the assessment of Plaintiff's subjective symptoms, as well as the ALJ's decision to afford "some weight" to Dr. Sorrow's opinion and "substantial weight" to Dr. Robbins and Dr. Kendall's opinions. Moreover, the Commissioner contends that (1) Plaintiff's evidence, i.e., reports and testimony, "were inconsistent regarding his vocational background and level of functioning"; (2) his "psychiatric treatment records show consistent improvement with treatment . . ."; (3) the medical opinions he provided "conflict on whether Plaintiff could handle simple instructions." (ECF No. 17 at 3, 5, 9, 10, 15.)

The Magistrate Judge issued his Report recommending that the court affirm the Commissioner's final decision on January 23, 2020. (ECF No. 19 at 34.) In reaching this recommendation, the Magistrate Judge analyzed: (1) "Plaintiff's Subjective Complaints"; (2) "Medical Opinions"; (3) "Lay Witness Testimony"; (4) "Listing Analysis"; and (5) "Limitations in Plaintiff's Residual Functional Capacity," including his "Concentration, Persistence, and Pace" and the "Medication-Related Side Effects". (*Id.* at 6, 13, 19, 22, 28, 32.) In sum, the Magistrate Judge concluded that "the ALJ did not err in his consideration of Plaintiff's mental health treatment history and provided a detailed, well-reasoned explanation as to how he considered and weighed each piece of evidence in concluding that Plaintiff was not disabled." (*Id.* at 6.)

The parties were apprised of their opportunity to file specific objections to the Report on January 23, 2020. (ECF No. 19.) Objections to the Report were due by February 6, 2020. (*Id.*) The record shows that neither party filed objections to the Report.

4

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C.

§ 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and therefore **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 13, 2020
Columbia, South Carolina